1

2

3

4               UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
5                      AT TACOMA

6   AMBER JEAN MALLORY,

7                          Plaintiff,          Case No. 3:24-cv-05135-BHS

8               v.                             ORDER TO SHOW CAUSE OR
                                               AMEND THE COMPLAINT
9   WASHINGTON DEPARTMENT OF
    CHILDREN, YOUTH, AND FAMILIES, et
    al.,
10

11                        Defendants.

12          This matter comes before the Court on plaintiff's motion to proceed *in forma*

13  *pauperis* in regard to her proposed complaint. Dkt. 6. Plaintiff is unrepresented in this

14  matter. Having reviewed and screened plaintiff's proposed complaint under 28 U.S.C.

15  §1915A, the Court declines to serve the proposed complaint but provides plaintiff leave

16  to file an amended complaint by May 28, 2024 to cure the deficiencies identified by this

17  order.

18                             BACKGROUND

19          Plaintiff names 15 (possibly 16) defendants in her complaint. Dkt. 6-1 at 2-4.

20  Plaintiff names the Washington State Department of Children Youth and Families

21  ("DCYF") in the caption of her complaint but not in the body of the complaint. She

22  names DCYF employees Katie Davis, Shawn Guren, Annie Lovato, Rachelle St. Peter,

23

24

25

1    Angela Hopkins, Jenna Heil, and Jorge Soto Larios (Collectively "DCYF defendants").[1]

2    *Id*. at 2. She indicates that her claims are brought against these employees in their

3    individual and their official capacities. *Id*. She names several facilities that she states

4    are contracted with DCYF including Reliable Enterprises, and Cedarbrook Early

5    Learning Center. *Id*. She also names two individuals, Andy Schmucker and Anita

6    Schmucker, who she states are employed by a foster home that is contracted by DCYF.

7    *Id*. at 3. She names "Alternative Counseling Services." *Id*. at 4. She also names the

8    following three individuals: Adam Thomas, Lani Peterson, and Devlin Dudley. *Id*.

9         Plaintiff states that her claims are brought pursuant to the right to due process

10   under the Fifth and Fourteenth Amendments, the Right to Privacy under the Ninth

11   Amendment, and the Right to be Treated Fairly and Just Including Equal Protection

12   under the Fourteenth Amendment. Dkt. 6-1 at 5.

13        Plaintiff states that on February 17, 2021 Katie Davis removed her children under

14   Shawn Guren's direction. Dkt. *Id*. at 6. She states that Annie Lovato, Jenna Heil, Jose

15   Santos Larios, and Rachelle St. Peter continued to violate the rights of her and her

16   children. *Id*.

17        Plaintiff states that DCYF solicited testimony from her neighbors, Lani Peterson

18   and Devlin Dudley as basis for removal. Dkt. 6-1 at 6. Plaintiff also states that DCYF

19   violated the due process rights of herself and her children by placing her children with

20   Andy Schmucker and Anita Schmucker. *Id*.

21

22

23   ---
     [1] Plaintiff also names "Jose Santos Larios" in the body of the complaint. Dkt. 6-1 at 6. It is unclear if this is

24   a different person or if it is a mistake.

25   ORDER TO SHOW CAUSE OR AMEND THE
     COMPLAINT - 2

1    Plaintiff states that Annie Lovato and Jenna Heil fabricated claims against her to

2    continue to violate the rights of herself and her children by fabricating claims of "child

3    abduction, bomb making and other outlandish claims unsupported by facts." Dkt. 6-1 at

4    6.

5    Plaintiff further alleges that Reliable Enterprises caused harm to her due process

6    rights and that the agency "sent its worker to my home to offer my drugs, alcohol, and

7    solicit me for unlawful request for legal advice." Dkt. 6-1 at 7. She states that the agency

8    neglected her children in various ways. *Id*.

9    Plaintiff states that Cedar Brook Early Learning Center neglected her children

10   and used NARCAN on her son without consent. Dkt. 6-1 at 7.

11   Plaintiff states that Alternative Counseling and Annie Lovato released her

12   personal medical information in violation of HIPAA laws. *Id* at 7.

13   Plaintiff additionally alleges that she has been "gang stalked" by the Jefferson

14   County Sheriff's Office because Jamie Heil and Annie Lovato and other employees

15   have solicited it. Dkt. 6-1 at 8.

16   Plaintiff states that Adam Thomas conducted a background check at the State's

17   direction and the State continues to use him to violate her due process. *Id*. at 8.

18   She states that Katie Davis used improper removal of her children to be placed

19   with the Schmucker's who then recommended that her granddaughter be placed with

20   Ms. Davis. Dkt. 6-1 at 8-9.

21   Plaintiff is seeking monetary damages. Dkt. 6-1 at 9.

22                              DISCUSSION

23   **1. Standard**

24

25

1         The district court may permit indigent litigants to proceed IFP upon completion of

2 a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad

3 discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598

4 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

5         The Court must review and screen complaints, and order the *sua sponte*

6 dismissal of any case that is "frivolous or malicious," "fails to state a claim on which

7 relief may be granted," or "seeks monetary relief against a defendant who is immune

8 from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845,

9 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

10 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting

11 that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss

12 an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no

13 arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

14 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see*

15 *also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

16         A *pro se* plaintiff's complaint is to be construed liberally, but like any other

17 complaint it must nevertheless contain factual assertions sufficient to support a facially

18 plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic*

19 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when

20 "the plaintiff pleads factual content that allows the court to draw the reasonable

21 inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

22 678.

23     **2.  Section 1983**

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981).

**3. Improper Defendants**

i.   Private Parties

Generally, private parties do not act under color of state law and they are therefore not liable under § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707-08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Plaintiff has stated no facts regarding Adam Thomas, Lani Peterson, and Devlin Dudley that suggest that they fairly may be said to be government actors. Plaintiff states

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

only that Lani Peterson and Devlin Dudley were her neighbors who provided testimony "as a basis for removal." Dkt. 6-1 at 6. She states that the "State utilized Adam Thomas as a resource without my knowledge background check for use of separating my family." *Id*. at 8. These conclusory allegations are insufficient to support a claim that these private actors conspired with or acted jointly with a state actor to deprive plaintiff of her constitutional rights.

Plaintiff has also not pled any facts to suggest that Anita and Andy Schmucker may fairly be said to be government actors. Plaintiff states that her children were placed in the Schmucker's care. Dkt. 6-1 at 6. However, this is not sufficient for the purposes of section 1983. *See Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1109 n.3 (9th Cir. 2001) (affirming dismissal of court-appointed caretakers because there is no evidence that they were acting under the color of state law).

ii.   DCYF Defendants

First, to the extent plaintiff names DCYF and the DCYF employees in their official capacities, such claims would be barred under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (the State and its agencies are not subject to § 1983 claims because they are not "person[s]" within the meaning of that section and are entitled to immunity under the Eleventh Amendment; official capacity suit against state employee is really a suit against the official's office, and no different than a suit against the state).

Second, those employees are likely entitled to immunity in their personal capacities. *See*, *e.g.*, *Tamas v. DSHS*, 630 F.3d 833, 841-42 (9th Cir. 2010) (State officials entitled to absolute immunity for their performance of quasi-prosecutorial and

quasi-judicial functions); *Meyers v. Contra Costa County Dep't of Social Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1997) ("social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings"); *Doe v. Louisiana*, 2 F.3d 1412, 1415-18 (5th Cir. 1993) (caseworkers performing discretionary, non-prosecutorial functions are entitled to qualified immunity in the face of a § 1983 claim).

Additionally, it is not clear plaintiff alleges facts showing how all individually-named defendants caused or personally participated in causing the harm alleged in the complaint, *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981), and she may seek to improperly include some supervisory personnel as liable for actions of subordinates under a theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) ("A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' ") (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

Plaintiff's only allegation against Rachelle St. Peter and Jose Santos Larios is that they "continued to violate mine and my children's rights." Dkt. 6-1 at 6. Additionally, her only claim against Shawn Guren is that Katie Davis was acting under their authority. *Id*.

### 4.  Rule 8

A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 7

1    of facts that would show they are entitled to any relief. Mere conclusory statements in a

2    complaint and "formulaic recitation[s] of the elements of a cause of action" are not

3    sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683

4    F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable

5    legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

6    *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

7          Here, plaintiff has not provided sufficient facts to support a claim for relief and

8    has not explained the cognizable legal theory behind her allegations. Plaintiff's claims

9    are largely conclusory and fail to assert facts regarding the acts or omissions of each

10   defendant, or how any acts or omissions caused a violation of federal law. *Ashcroft v.*

11   *Iqbal*, 556 U.S. 662, 678, (2009). Plaintiff also states at one point that DCYF's actions

12   were in violation of ICWA 25 U.S. Chapter 21 but does not otherwise provide any other

13   information regarding this claim.

14         To comply with Rule 8(a), plaintiff must write out short, plain statements telling

15   the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the

16   person who violated the right; (3) exactly what that person did or failed to do; (4) how

17   the action or inaction of that person is connected to the violation of plaintiff's

18   constitutional rights; and (5) what specific injury plaintiff suffered because of that

19   person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). This information

20   must be provided for each defendant in each claim. If plaintiff fails to affirmatively link

21   the conduct of each named defendant with the specific deprivation of a federal

22   constitutional or statutory right suffered by plaintiff, the claim may be dismissed by the

23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

Court. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

**5. Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Court concludes that leave to amend would not be futile in this case. Therefore, plaintiff will have an opportunity to file an amended complaint in compliance with this Order.

CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **May 30, 2024.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

1  The Court will screen the amended complaint to determine whether it states a

2  claim. If the amended complaint is not timely filed or fails to adequately address the

3  issues raised herein, the undersigned will recommend dismissal of this action as

4  frivolous under 28 U.S.C. § 1915.

5  The Clerk is directed to send plaintiff the appropriate forms for filing a copy of this

6  Order and the *Pro Se* information sheet. **Additionally, the Clerk is directed to re-note**

7  **plaintiff's IFP application for May 28, 2024.**

8

9

10  Dated this 2nd day of May, 2024.

11

12

13  *Theresa L. Fricke*

14  Theresa L. Fricke
   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 10